IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| VINCENT C. McCUE, | * | Chapter 13 |
|     Debtor | * | |
| | * | Case No.: 1-04-03450MDF |
| ELIZABETH WIAN, | * | |
|     Movant | * | |
| | * | |
| v. | * | |
| | * | |
| VINCENT C. McCUE, | * | |
|     Respondent | * | |

## OPINION

### Procedural and Factual History

Before me is the motion of Elizabeth Wian ("Movant") who seeks relief from the automatic stay to pursue a complaint she filed pre-petition in state court to partition real estate she owns with Vincent McCue ("Debtor"). The parties were married for approximately twenty years before they separated in 1981. During their marriage they acquired a home located in Camp Hill, Pennsylvania, which Debtor retained as his residence when the parties divorced on May 18, 1998. The divorce was bifurcated, and no subsequent order to divide marital property has been entered by the state court.

The mortgage on the residence was satisfied before the parties separated in 1981. After their separation, Debtor assumed responsibility for all taxes and other expenses related to the maintenance and preservation of the property. Debtor failed to pay real estate taxes during several tax periods, and the property was listed for tax sale more than once. However, each time Debtor managed to avoid losing the home by paying the amount due prior to the sale. For tax

1

purposes, the property has been assessed at $180,000.00, and Debtor's schedules indicate that the Debtor's interest in the property is $90,030.00. Debtor resides in the home, but also uses the property as a halfway house, which he has named "McCue's Mission." As McCue's Mission, Debtor provides transitional housing for persons with substance abuse problems. Debtor has not maintained property insurance on the home since at least 1992, and as of the date of the hearing, the property remained uninsured by Debtor. To protect her interest, Movant recently purchased insurance for her interest in the property.

On May 14, 2004, Movant filed a complaint in the Court of Common Pleas of Cumberland County seeking to compel the sale of the Camp Hill property. Debtor filed his petition under Chapter 13 on June 4, 2004. On his schedules Debtor listed the Estate of Jeanne Garman as the only creditor holding a claim secured by his residence. The claim is based on a judgment entered state court in 1995 against the Debtor in the amount of $35,000.00. With interest computed since the date of entry of the judgment, the Garman estate now has asserted a claim in the amount of $64,058.78. Debtor's chapter 13 plan proposes to pay the Garman claim through payments to the trustee of $660.00 per month for sixty months ($39,600.00). According to Debtor's schedules, he has income of $1,740.00 per month and expenses of $1,555.00 per month. The Standing Chapter 13 Trustee has objected to the plan on the basis that it is underfunded. Debtor has not filed an answer to the Trustee's objection, and no hearing has been scheduled.

A hearing on this matter was held on September 17, 2004. The parties were given an opportunity to file briefs within thirty days of the hearing, but only Debtor responded to the

2

Case 1:04-bk-03450-MDF    Doc 30    Filed 11/16/04    Entered 11/18/04 15:50:38    Desc
Main Document      Page 2 of 6

invitation. The matter is ready for decision.[1]

### Discussion

Motions for relief from stay are governed by 11 U.S.C. §362(d), which provides that relief can be granted "(1) for cause, including the lack of adequate protection" or "(2) if the debtor does not have equity in [the property subject to the motion] and [it] is not necessary for an effective reorganization." Debtor has equity in the property so it clear that subsection (d)(2) does not apply in the instant case; therefore, Movant must proceed under subsection (d)(1). Under subsection (d)(1), a movant bears the burden of making an initial showing of cause. *In re Telegroup, Inc.*, 237 B.R. 87, 91 (Bankr. D. N.J. 1999); *In re Holly's, Inc.,* 140 B.R. 643 (Bankr. W.D. Mich. 1992). Debtor bears the burden of proving that Movant's interest is adequately protected such that relief is unnecessary. *See,* 11 U.S.C. §362(g)(2).

In Pennsylvania, "[w]henever married persons holding property as tenants by the entireties are divorced, they shall, except as otherwise provided by [court order], thereafter hold the property as tenants in common of equal one-half shares in value." 23 Pa.C.S.A. §3507(a). When Movant and Debtor divorced in 1998 their interest in the former marital residence as tenants by the entirety was converted to a tenancy in common. When a tenant in common files a petition under the Bankruptcy Code his undivided interest becomes property of the estate under section 541(a)(1). *In re Yun Chin Kim*, 288 B.R. 431 (Bankr. D. Md. 2002) (Property that debtor owned as joint tenant with his mother as of commencement of his Chapter 7 case was thereafter

---

[1] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(G) and (O). This Opinion constitutes the findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052.

owned as tenants in common, with debtor's one-half interest in property being included in property of the estate.)

A debtor's interest becomes part of the bankruptcy estate, but it is subject to the same equities in favor of the cotenant enjoyed by a creditor of the debtor holding a judicial lien. *See Collier on Bankruptcy,* 15th Edition (Revised), ¶541.05[6][c] (*citing In re McConnell,* 197 F. 438 (N.D. N.Y. 1912)). Thus, in the instant case, Movant is entitled to receive the same treatment in Debtor's case afforded to a creditor with an unavoidable judicial lien.

A judicial lien creditor whose interest is not otherwise avoidable in bankruptcy is generally entitled to adequate protection of her interest in the property against which she holds a lien. 11 U.S.C. §§361 - 363. The purpose of providing her with adequate protection is to ensure that she is able to receive "the indubitable equivalent" of her "lien" even while she is prevented by the automatic stay from acting on the lien. *United Savings Association of Texas v. Timbers of Inwood Forests Associates, Ltd.,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). Adequate protection may be provided in several ways. A debtor may make cash payments or provide an additional lien to compensate the creditor for the decline in the value of the collateral. 11 U.S.C. § 361. Adequate protection also can be provided in the form of an "equity cushion" created by the value of a property over and above the amount of encumbrances against it. "Although the existence of an equity cushion as a method of adequate protection is not specifically mentioned in §361, it is the classic form of protection for a secured debt justifying the restraint of lien enforcement by a bankruptcy court." *In re WRB West Associates Joint Venture,* 106 B.R. 215, 219 - 220 (Bankr. D. Mont. 1989) (*citing In re Curtis,* 9 B.R. 110, 112 (Bankr. E.D. Pa. 1981)).

4

Debtor has not provided adequate protection to Movant in his Chapter 13 plan by making cash payments or by subjecting his interest in the property to a lien in favor of Movant. But Debtor's interest in the property remains as a possible source of adequate protection. Movant's interest in the property is unencumbered, but Debtor's interest is subject to the judgment lien of the Garman Estate. Debtor valued the property at $180,000, and Movant estimated the property was worth approximately $200,000. Movant, however, admitted that she had not seen the home recently and had no first-hand knowledge of its condition. Based upon the Debtor's greater familiarity with the real estate, the Court will assume for the purposes of this motion that the property should be valued at $180,000 as of the date of the filing of the petition. Assuming an equal division of the value of the property, the interest of each party is approximately $90,000. When the lien of the Garman Estate is subtracted from the value of Debtor's interest in the property, even if the Estate's claim is allowed at $64, 058.78, Debtor would retain approximately $25,000 in equity. Therefore, there is substantial equity in Debtor's interest in the property, which could provide a source for adequate protection of Movant's interest.

Movant's case to show cause for relief from the stay is essentially an equitable one based on her age and her entitlement to some portion of the home equity that the former couple created during the marriage. Movant testified that she worked very hard during the marriage but received nothing in compensation at the time of the divorce. She now wishes to "have the money that's coming to me . . . ." Movant is seventy-six years of age, remarried and residing with her husband in a home they own in Carlisle, Pennsylvania. They have a combined monthly income of approximately $1,500.00 per month from social security in addition to commissions Movant's husband receives as a salesman for a chemical company. (The amount of the commissions was

5

not made of record.) Movant did not provide evidence that unless the real estate is liquidated, she will be unable to meet her basic needs. At this time Movant has failed to establish cause for relief from the stay to allow her to proceed in state court to liquidate the property in which Debtor currently resides.

Debtor has made no provision for adequate protection of Movant's interest during the 60-month tenure of his Chapter 13 plan. Relief from the stay is appropriate to permit the state court to determine the value of the current interest of each party in the property. Although each party holds a one-half interest in the real estate, Debtor is entitled to reimbursement for real estate taxes he paid on the property since the divorce, as well as the cost of any repairs made to the property. *See Huffman Estate*, 349 Pa. 18, 21 36 A.2d 638, 639 (1944). Movant is entitled to one-half of the fair rental value of the property for the period it has been in the Debtor's exclusive possession since the divorce. *See Sciotto v. Sciotto*, 446 Pa. 414, 288 A2d. 822 (1972).

Relief from the automatic stay will permit Movant to proceed with the state court action solely to determine the liquidated value of her interest in the property after appropriate credits and deductions have been applied. Once the state court renders its decision, Debtor must either address Movant's interest in the property by providing adequate protection, such a lien in Movant's favor on Debtor's interest in the property, or by making payments through the plan. An order granting relief in part follows.

BY THE COURT,

Mary D. France
Bankruptcy Judge

Date: November 16, 2004

*This electronic order is signed and filed on the same date.*